Macon and Augusta Railroad Company *vs.* Vason *et al.*

---

MACON AND AUGUSTA RAILROAD COMPANY, plaintiff in error, *vs.* WILLIAM J. VASON *et al.*, executors, defendants in error.

Where, in the year 1860, subscription was made to the stock of a railroad company, subject to such future calls as might be made by the directors, and such calls were made after June 1st, 1865:

*Held,* that the right of action for the amounts due under such calls did not accrue until after June 1st, 1865, and therefore suits brought therefor must be controlled by the statutes of limitation as embraced in the Code, and not by the act of March, 1869.

Contracts. Statute of limitations. Stock. Before Judge GIBSON. Richmond Superior Court. April Term, 1874.

For the facts of this case, see the decision.

Macon and Augusta Railroad Company *vs.* Vason *et al.*

Hook & Webb, for plaintiff in error.

Barnes & Cumming; Claiborne Snead; W. A. Walton; J. C. C. Black, for defendants.

Warner, Chief Justice.

This was an action brought by the plaintiff against the defendants to recover the amount of unpaid stock due the plaintiff by defendant's testator. It appears from the record that the defendant's testator subscribed, on the 28th of September, 1860, for one hundred shares of the capital stock in the plaintiff's company, subject to such future calls as might be made by the directors of the company in pursuance of its charter; that a call was duly made on the defendants by the directors of said company for the payment of twenty per cent. of said subscription, amounting to the sum of $2,000 00, on the 1st of August, 1866, which defendants refused to pay; that a further call was made on the defendants for the payment of twenty-five per cent. of said subscription, amounting to the sum of $2,500 00, on the 20th of February, 1868, which the defendants refused to pay; that a further call was made on defendants to pay twenty per cent. of said subscription, amounting to the sum of $2,000 00, on the 10th of September, 1869, which they refused to pay; that suit was commenced by the plaintiff against the defendants to recover the amount due for said calls on said stock subscription, on the 31st of December, 1869; that subsequently, on the 19th of April, 1872, that suit was dismissed by the court, for failure of the plaintiff to file an affidavit of the payment of taxes, as required by the act of 1870, which judgment of dismissal was brought up to this court and affirmed; that afterwards, to-wit: on the 11th of January, 1873, and within six months after the rendition of the judgment of this court affirming the judgment of dismissal, the suit on said claim was recommenced returnable to the then next term of the court. To this second action the defendants pleaded the statute of limitations of 1869, and also filed the plea of *res adjudicata* as to the dis-

missal of the former action, which pleas the court sustained, and the plaintiff excepted. The construction which this court has heretofore given to the act of 1869, is that in all cases in which the right of action accrued prior to the 1st of June, 1865, when dismissed could not be recommenced within six months, as provided by the 2932d section of the Code, but that all cases in which the right of action has accrued since the 1st of June, 1865, are to be governed and controlled by that section of the Code, as to recommencing the suit within six months after the dismissal of the former suit. The right of action in the case now before us did not accrue to the plaintiff until the call was made by it upon the defendants to pay the subscription of their testator for the stock subscribed by him. The right of action of the plaintiff accrued to it, not from the date of the subscription to the stock, in 1860, but from the date of the defendant's refusal to pay the installments on that subscription, when called on to do so, which calls and refusals, as set forth in the record, were all made since the 1st of June, 1865. The plaintiff, therefore, had the right to recommence its action as it did, within six months from the dismissal of the former action, and was not barred from doing so by the act of 1869.

The case of the *Macon and Augusta Railroad Company vs. Bass* was cited by the defendant in error as being a decision of this court which should control the case now before us. That case was submitted to this court without argument, on the following agreed statement of facts, as appears from the original bill of exceptions in that case: "That the subscription was made before the 1st day of June, 1865, and that an action for the recovery of the same was begun on the ... day of December, 1869; that said action was dismissed by the court on the ground that no affidavit of payment of taxes had been filed." It was clearly apparent on the face of the bill of exceptions in that case that the right of action accrued to the plaintiff prior to the 1st of June, 1865, and it was upon that statement of facts contained in the bill of exceptions that the judgment of this court was rendered. It did not appear

to the court in that case, as it does in the case now before us, that the plaintiff's right of action accrued to it *after* the 1st of June, 1865, and that is the difference between the two cases. The majority of this court has also held that when a case had been dismissed for non-payment of taxes, and the right of action on which the suit was brought was not barred by the statute of limitations, the plaintiff could move the court to have his case reinstated on the docket, from which it had been dismissed, before the statute of limitations had barred his right of action in that suit.

We therefore reverse the judgment of the court below in sustaining the defendant's plea of the statute of limitations of 1869, and the plea of *res adjudicata* to the plaintiff's action, as set forth in the record. In relation to the plea of Confederate money, as that question was not argued before us, we express no opinion in regard to it.

Let the judgment of the court below be reversed.