WILLIAM A. CHERRY *et al.*, plaintiffs in error, *vs.* HENRY J. LAMAR *et al.*, defendants in error.

1. Call and notice being, by the charter, a condition precedent to collecting subscriptions to the capital stock of a corporation, until the condition is complied with, the period of limitation does not begin.
2. So long as the corporation itself is not barred at law, its judgment creditors, who have exhausted their legal remedy, are not barred from proceeding in equity to subject unpaid stock, and coerce payment by the stockholders.
3. On the facts of this case, the limitation act of March 16th, 1869, is no obstacle to the relief prayed for.
4. Where bank-notes have been sued upon in due time, and judgments thereon recovered, a bill to bring in equitable assets, and subject them to the judgments for satisfaction of the same, is not governed by the period of limitation that would be applicable if the bank-notes, instead of the judgments, were the foundation of the bill.

Statute of Limitations. Corporations. Banks. Stockholders. Before Judge HILL. Bibb Superior Court. October Term, 1876.

In December, 1869, certain holders of the bills of the Manufacturers' Bank (the present defendants in error), brought their several actions at law against the said bank, to compel payment of said bills. After protracted litiga-

tion, in which the bank twice appealed to the decision of the supreme court, judgment was finally rendered against the bank in favor of each of these bill-holders. In each of these suits, notice of its pendency was given, by publication, to the stockholders, within one month after the institution of said suit, as provided in section 3371 of the Code; but the first of such notices did not appear until after the first day of January, 1870. Upon the executions issued against the bank, under these judgments, the sheriff returned "no property to be found;" and the executions issued against the individual stockholders were all stopped by affidavits of illegality, claims, etc. The creditors then filed this bill against certain stockholders, to subject to the payment of their judgments certain unpaid stock, subscribed by said stockholders.

The allegations of the bill, and the facts agreed upon, are sufficiently set forth in the opinion.

The defendants demurred upon the following grounds, to-wit:

1. For want of equity.

2. Because complainants have a complete and adequate remedy at common-law.

3. Because the causes of action set forth are barred by the act of March 16th, 1869.

4. Because it appears from said bill that all the stockholders of said bank are liable to complainants, but they are not all made parties defendant.

The demurrer was overruled, and the defendants excepted.

LANIER & ANDERSON, HILL & HARRIS; WHITTLE & GUSTIN, for plaintiffs in error.

BACON & RUTHERFORD, for defendants.

BLECKLEY, Judge.

1. When the charter of a corporation, as a condition precedent to collecting subscriptions to the capital stock, requires calls to be made by the directors, and notice thereof given, the statute of limitations does not run against the corporation, in favor of the subscribers, as to unpaid installments, until the condition is complied with—52 *Ga.*, 326.

2. When judgment creditors of a corporation, who have exhausted their legal remedy against their debtor, proceed by bill to subject debts equitably liable to the payment of their judgments, they are not barred if their judgments are not dormant, and if the debts they seek to reach are not barred as between the corporation and its debtors—in this case, the stockholders who stand indebted on their subscriptions to the capital stock. (*Bowling vs. Amis*, this term.)

3. The limitation act of March 16th, 1869, is not a bar to a bill filed in March, 1876, by judgment creditors of a bank against certain stockholders thereof, to compel the defendants to pay so much of their unpaid subscriptions to the capital stock as may be requisite to satisfy the complainants' judgments against the bank, the facts being substantially as follows:

The bank was chartered in 1850. The charter declared that the corporation should exist and its privileges continue for thirty years. One of the powers expressly enumerated was to call in, by the directors, from time to time, such installments on the capital stock, as to the directors might seem advisable, until the whole amount should be paid in; but no installment could be required without giving sixty days' notice thereof by letters addressed to the stockholders, or by publication in the gazettes of the city where the bank was located. The defendants, among others, became stockholders, and certain balances specified in the bill are still unpaid on their respective subscriptions to the capital stock. These balances the directors have failed and refused to call for. They could have called for them, and could have demanded

payment prior to May 31st, 1865, but did not. All the bills ever issued by the bank were issued before that date; and at that date its bills had ceased to circulate as currency, or to be received as such by any banking institution. On some of its bills the bank went to protest as early as 1860, and before the act of that year was passed by the legislature authorizing the banks of this state to suspend specie payments. From the time of that protest, it has continuously failed and refused to redeem any of its bills in specie or specie funds, and has been unable to do so without calling for the unpaid stock now sought to be reached; though, after going to protest, it issued more bills, they never circulated or had value as currency, except on an equality with Confederate money. Since the first of May, 1865, the bank has transacted no business, nor kept any banking house or office. It was then insolvent, has so continued, and still is, unless these balances on unpaid stock shall be realized and treated as assets. The complainants obtained their judgments against the bank in the years 1872, 1873 and 1874, upon suits commenced in December, 1869, founded on bills of the bank, issued not later than 1864, some of them being the same bills which were protested for non-payment in 1860. The bank having no property that could be reached by execution, the sheriff returned *nulla bona* upon the complainants' *fi. fas.*, some of the returns being dated in 1875, and some in 1876.

4. This case is altogether unlike the cases in 1 Woods, 523, and 2 Otto, 156, both of which cases were founded on bank bills. That an action on the bills would have been barred, when the present cause was commenced, is quite immaterial. The rights of the creditors, as against the bank, rest now, not upon the bills, but upon the judgments; and, as against the subscribers to the stock, upon the contracts of subscription by which the subscribers became bound to the bank. For the purposes of this proceeding, it is not necessary that the complainants should disclose the causes of action which they had against the bank, and on which their suits (commenced in December, 1869,)

were founded. It is enough that they produce the judgments which were rendered in those suits, and show that they are unsatisfied, and that satisfaction cannot be obtained without resort to the fund now sought to be brought in.

Judgment affirmed.