(May 29, 1919.)

LYDIA A. JENSEN, Appellant, v. ROBERT AIKMAN, Respondent.

[181 Pac. 525.]

CORPORATIONS—STOCKHOLDERS—LIABILITY FOR CORPORATE INDEBTEDNESS —STATUTES OF LIMITATIONS.

1. The liability of a stockholder for corporate indebtedness, to the amount unpaid upon the par value of his stock, is not "created by statute" within the meaning of C. L., subd. 1, sec. 4054, nor is it "created by law" within the meaning of sec. 4077, but is a debtor's obligation created by the contract of subscription.

2. A stockholder's liability is binding although he has paid no money, nor property, nor anything of value for stock for which he has subscribed and which has been issued to him.

[As to rights and liabilities of stockholders, see notes in 73 **Am. St.** 231 and 73 **Am. St.** 239.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Action to enforce stockholder's liability for unpaid stock. Demurrer to complaint sustained and judgment of dismissal entered. *Reversed.*

J. B. Eldridge, for Appellant.

This court in *Dietrich v. Copeland Lumber Co.*, 28 Ida. 312, 154 Pac. 626, holds that the liability of a stockholder is one created by law, and therefore barred within three years, from the time the liability attaches. Sec. 2745, Rev. Codes, provides that the liability if arising upon contract attaches from the making of the contract, if not upon contract, from the time of entering judgment against the corporation.

The liability in this case did not arise upon contract, but upon fraud and false representations, which induced the contract, and therefore the liability attached when judgment was rendered against the Owyhee Land & Irrigation Company, and not before.

Frawley & Koelsch, for Respondent.

The liability of a stockholder to creditors of the corporation is a "liability created by statute"; moreover, it is a primary liability, and is barred in three years after the debt or liability of the corporation was created, not three years after its maturity. (*O'Neill v. Quarnstrom*, 6 Cal. App. 469, 92 Pac. 391; *Jones v. Goldtree Bros. Co.*, 142 Cal. 383, 77 Pac. 939; *Bank of San Luis Obispo v. Pacific Coast S. S. Co.*, 103 Cal. 594, 37 Pac. 499; *Ryland v. Commercial & Sav. Bank*, 127 Cal. 525, 59 Pac. 989; *Wells v. Black*, 117 Cal. 157, 59 Am. St. 162, 37 L. R. A. 619, 621, 48 Pac. 1090; *Hyman v. Coleman*, 82 Cal. 650, 652, 16 Am. St. 178, 23 Pac. 62; *Goodall v. Jack*, 127 Cal. 258, 59 Pac. 575; *Miller v. Lane*, 160 Cal. 90, 116 Pac. 58.)

Under sec. 9, art. 11, Const. of Idaho, respondent never was a stockholder in the corporation for the reason that the alleged 2,000 shares of stock were absolutely void, and the respondent could not possess any rights in respect to the same, and hence is not subject to any liability in this action on

account of such void stock. Provisions like sec. 8, art. 11, of the Idaho constitution, have been before the courts in numerous cases, and the effect thereof construed. (*Clarke v. Lincoln Lumber Co.*, 59 Wis. 655, 18 N. W. 492; *Kellerman v. Maier*, 116 Cal. 416, 48 Pac. 377; *Meholin v. Carlson*, 17 Ida. 742, 764, 134 Am. St. 286, 107 Pac. 755.)

MORGAN, C. J.—It appears from the complaint that on October 3, 1914, appellant recovered judgment against the Owyhee Land & Irrigation Company, Limited, a corporation, in the sum of $1,000, with interest, upon the ground that by fraud and deceit its agent had induced her to pay to it $1,000 and to enter into a contract with it on December 28, 1909. This action is based upon the theory that the corporation is insolvent and unable to pay the judgment; that respondent was a stockholder at the time the liability was incurred by the corporation, and that his stock has not been paid for.

It is alleged in the complaint that respondent was one of the organizers of the corporation and that at the time the contract was entered into he was a director thereof and was the owner of two thousand shares of its capital stock; that he paid no money, nor property, nor anything of value, for the stock, except, as is recited on information and belief, "that said Robert Aikman assisted in the organization of said corporation, and loaned his name as an incorporator thereof; attended meetings of the board of directors of said corporation and assisted in the promotion of the corporate enterprise as aforesaid in attending such meetings, and loaning the use of his name as aforesaid as a director thereof. That plaintiff is informed and believes and upon such information and belief alleges the fact to be that said stock of 2,000 shares was issued to the said Robert Aikman by said corporation in payment for said services and the use of the name of said Robert Aikman. That said services and the use of the name of said Robert Aikman is and was of the reasonable value of not to exceed ten cents per share; that no part of the remaining ninety cents per share of the par value of said stock has ever

been paid by the said Robert Aikman, or anyone whomsoever.''

Respondent moved to strike the allegation above quoted and demurred to the complaint. The motion was granted and the demurrer was sustained. Appellant refused to plead further and a judgment of dismissal was entered from which this appeal was taken.

It will not be necessary to discuss the action of the trial judge in sustaining respondent's motion to strike, since, in view of the conclusion we have reached with respect to other points presented by the appeal, such action is not detrimental to appellant.

By his demurrer respondent seeks to invoke the statute of limitations and relies upon C. L., subd 1, sec. 4054, which provides a three year period for the commencement of an action upon a liability created by statute, other than a penalty or forfeiture, and upon C. L., sec. 4077, which is as follows: ''This chapter does not affect actions against directors or stockholders of a corporation to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or the liability was created.''

These sections of the statute do not apply to this case. The liability of a stockholder for corporate indebtedness, to the amount unpaid upon the par value of his stock, is not ''created by statute'' within the meaning of subd. 1, sec. 4054, nor is it ''created by law'' within the meaning of sec. 4077, but is a debtor's obligation created by the contract of subscription. (*Feehan v. Kendrick, ante,* p. 220, 179 Pac. 507.)

Respondent insists that since there is an allegation in the complaint to the effect that he paid no money, nor property, nor anything of value for the stock, he never was a stockholder in the corporation, and therefore the demurrer, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, was properly sustained. He relies upon art. 11, sec. 9, of the constitution, which provides:

"No corporation shall issue stock or bonds, except for labor done, services performed, or money or property actually received; and all fictitious increase of stock or indebtedness shall be void. . . . "

This contention is without merit.   The transaction between respondent and the corporation did not constitute an increase of stock or of indebtedness on the part of the latter, and while an agreement that the stock was not to be paid for, if such agreement was made, may be void, the subscription is valid and the stockholder's liability is binding.   (*Meholin v. Carlson*, 17 Ida. 742, 134 Am. St. 286, 107 Pac. 755.)

The judgment is reversed.   Costs are awarded to appellant.

Rice and Budge, JJ., concur.