(No. 4955. August 2, 1928.)

HARRY ELLIS and MABLE E. ELLIS, Husband and Wife, Appellants, v. L. M. CAPPS, Respondent.

[269 Pac. 597.]

Holden & Coffin, for Appellants.

John W. Jones and Guy Stevens, for Respondent.

VARIAN, Commissioner.—Appellants, judgment creditors of the corporation hereinafter mentioned, brought this action to subject an unpaid preferred stock subscription to the payment of their judgment. The trial court sustained a demurrer to the complaint upon the ground that the statute of limitation had run against any recovery.

The complaint alleges that plaintiffs are husband and wife; that the Ashton & St. Anthony Power Company, Ltd., and the North Lake Canal Company, during all the times mentioned therein, were Idaho corporations; that on March 16, 1923, in the ninth judicial district court for Jefferson county, plaintiffs recovered judgment against both said corporations for $10,000 and costs; that on appeal to this court said judgment was affirmed on the thirteenth day of July, 1925; on August 12, 1925, execution issued out of said district court on said judgment, and was returned unsatisfied *in toto;* that said corporations, and each of them, have

no property out of which said judgment, or any part thereof, can be satisfied; that the judgment was based upon a claim for damages on account of negligence of said corporations resulting in the death of the minor child of plaintiffs, who was instantly killed on October 3, 1918, by coming in contact with a high-tension electric transmission line; that the said Ashton & St. Anthony Power Company, Ltd., a corporation, was organized in 1913 with a capital stock of $250,000, divided into 25,000 shares of the par value of $10 each, and in March, 1918, the capital stock of said corporation was increased to $1,000,000, divided into 60,000 shares of common stock of the par value of $10 each, and 40,000 shares of preferred stock of the par value of $10 each, and that from March, 1918, down to and including said sixteenth day of March, 1923, said capital stock remained in the amount of $1,000,000, as above stated.

It is further alleged that the defendant ''subscribed for, agreed to take, and did take stock in the said Ashton & St. Anthony Power Company, or there was issued to the said defendant stock in the said corporation, to wit: approximately 525 shares of the preferred stock of the said company, on or about the month of April, 1918, and that the said defendant, L. M. Capps, has not paid for the stock so taken by him either in cash or in any other manner,'' or made payment as required by law; that the cause of action against the said corporation upon which said judgment was founded arose wholly during the ownership by defendant of said (preferred) stock; that the action against said corporation was commenced on August 5, 1920, during the ownership of said stock by defendant. The prayer was for $5,250, the par value of the preferred stock, and for general relief. The present action was commenced March 10, 1926.

Defendant demurred generally that the complaint did not state a cause of action, and plead C. S., secs. 6609 and 6610, in bar of any recovery. These sections prescribe that actions upon written contract are barred within five years, and upon oral contract within four years, respectively.

■ The holders of preferred stock, in the absence of express provisions to the contrary, are held to the same liability in respect to unpaid stock subscriptions, as the holders of common stock. (Helliwell on Stock and Stockholders, sec. 29, p. 43; 6 Fletcher's Cyc. of Corporations, sec. 3628, p. 6012, sec. 3641, p. 6041, sec. 4186, p. 7263; 5 Thompson on Corporations, 3d ed., sec. 3618, p. 449; *Kirkpatrick v. American Alkali Co.* (C. C.), 140 Fed. 186; *John W. Cooney Co. v. Arlington Hotel Co.*, 11 Del. Ch. 286, 101 Atl. 879.)

■ The general rule is that a creditor must first exhaust his remedy against his debtor, the corporation, before proceeding against the stockholder to subject to the payment of his debt what is due from the stockholder on his shares. (14 C. J., p. 1048, sec. 1633; 1 Cook on Corporations, 8th ed., sec. 200, p. 627.)

■ The stockholder's liability for the corporate indebtedness, to the amount unpaid upon the par value of his stock, is not a liability created by statute, nor is it created by law, but is a liability created by his contract of subscription (*Jensen v. Aikman*, 32 Ida. 261, 181 Pac. 525; *Feehan v. Kendrick*, 32 Ida. 220, 179 Pac. 507), and, as in other civil actions, the statute of limitations is a good defense in an action to recover a balance due on a stock subscription. (14 C. J., p. 654, sec. 1002.)

■ There being no special statute of limitation applicable to actions for the recovery of amounts unpaid upon the stockholder's subscription, the general statutes of limitation apply. (14 C. J., p. 1101, sec. 1724. See *Jensen v. Aikman*, supra, and *Feehan v. Kendrick*, supra.)

According to the complaint, defendant subscribed for his preferred stock in April, 1918; plaintiff recovered judgment March 16, 1923, against the corporation on a cause of action sounding in tort that accrued against it October 3, 1918. The present action was commenced March 10, 1926, more than seven years after defendant became a stockholder, or the tort action accrued against the corporation.

■ The vital question involved here is, when did the cause of action accrue against defendant on his subscrip-

tion? The statute of limitations begins to run ordinarily in favor of the stockholder when, under the terms of the particular statute or the facts of the particular case, the cause of action accrues against him. (14 C. J., p. 1102, sec. 1725.)

The complaint does not set forth in detail the terms of the subscription contract, but may fairly be interpreted to allege that the preferred stock was issued to defendant in April, 1918. C. S., sec. 4752, par. 9, authorizes corporations to create preferred stock, "but no preferred stock shall be issued except for cash or its equivalent nor for less than par value of its shares." Considering the allegations of the complaint in connection with the provisions of this statute, it is apparent that the cause of action against defendant "accrued" in April, 1918. From the moment its preferred stock was issued to defendant, the Ashton & St. Anthony Power Company, Ltd., had the right to sue defendant for its par value. And, as more than seven years have elapsed since the date of the accrual of the action upon the stock subscription and the institution of the present action, it is immaterial whether the subscription contract was oral or in writing. If in writing, it was barred after five years (C. S., sec. 6609), and, if oral, it was barred after four years (C. S., sec. 6610), from April, 1918, as against the corporation.

The case comes within the ordinary rule that the right of the creditor to recover unpaid stock subscriptions from a stockholder is barred when the right of the corporation to recover from him is barred. (14 C. J., p. 1101, sec. 1724; 7 Thompson on Corporations, 3d ed., sec. 5216, p. 96; 2 Wood on Limitations, 4th ed., sec. 149, p. 780 et seq.; 1 Cook on Corporations, 8th ed., sec. 195, p. 616; 6 Fletcher's Cyc. of Corporations, sec. 4133, p. 7133; 7 R. C. L., p. 412, sec. 401; *Stilphen v. Ware*, 45 Cal. 110; *Cherry v. Lamar*, 58 Ga. 541; *Hawkins v. Donnerberg*, 40 Or. 97, 66 Pac. 691; *Leighton v. Leighton Lea Assn.*, 146 App. Div. 255, 130 N. Y. Supp. 935; *Spencer v. Anderson*, 193 Cal. 1, 35 A. L. R. 822, and note, 222 Pac. 355.)

The supreme court of California, in *Spencer v. Anderson, supra,* in denying a recovery where the statute had run against the corporation, said:

"We conclude that the corporate creditor has four years after the recovery of judgment against the corporation and return of execution thereon within which to commence his action in equity to subject the corporate assets to the payment of his judgment; but in so doing he can (in the absence of fraud or estoppel) realize upon only such assets as would be enforceable at the suit of the corporation itself."

The facts in *Feehan v. Kendrick, supra,* distinguish it from the instant case. In the former, the action was grounded upon a liability for value of stock exchanged for fraudulently overvalued property, and comes within the designation of "watered stock," to which a different rule applies in determining the time when the statute of limitation begins to run.

Respondent did not urge his general demurrer on this appeal, and it will not be necessary to consider that feature.

It is recommended that the judgment be affirmed, with costs to respondent.

Brinck and Baker, CC., concur.

The foregoing is approved as the opinion of the court. The judgment is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.

Givens, J., dissents.